UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------X
Eugenia Guercio,

                Plaintiff,            Civil Action No.:

      against

Audubon Financial Bureau, LLC,         **COMPLAINT AND**
A Delaware Limited Liability Company,    **DEMAND FOR TRIAL BY JURY**
and Adam D. March, individually
                Defendant.
-------------------------------------------------X

       Plaintiff Eugenia Guercio (hereinafter referred to as, "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Audubon Financial Bureau, LLC (hereinafter referred to as "Audubon"), and Defendant Adam D. March (hereinafter referred to as "March"), individually, and respectfully sets forth, complains and alleges, upon information and belief, the following violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA").

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*.

2.    Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

3.    If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

4.    Venue in this District is proper in that the Defendant transacts business here and the conduct complained arose here pursuant to 28 U.S.C. §1391(b)(1) and (2).

**PARTIES**

5. Plaintiff is a natural person and a resident of Berk County, Pennsylvania,

6. At all relevant times herein, Plaintiff maintained her residence at 6006 Farming Ridge Blvd., Reading, Pennsylvania, 19606.

7. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

8. Upon information and belief, Defendant Audubon Financial Bureau, LLC is a Delaware limited liability company with its principle place of business located at 200 John James Audubon Parkway, Suite 301, Amherst, New York 14228.

9. Upon information and belief, Defendant Adam D. March, is a member-manager and/or shareholder of Audubon, and upon information and belief oversees its day-to-day operations. *See Nicholas Jamele v. Audubon Financial Bureau, LLC, and Adam D. March,* 12-cv-60957; *See generally, Fox v. Citicorp Credit Services, Inc.* 15 F.3d 1507 (9th Cir. 1994); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*. 518 F.3d 433, 440-41 (6th Cir. 2008).

10. March is a natural person, and a citizen of the State of New York, residing at 66 Golden Pheasant Drive, Getzville, New York, 14068.

11. Defendants regularly use the mail and telephone in its business, the principal purpose of which is the collection of debts.

12. Defendants regularly collect or attempt to collect debts for other parties, and therefore, are "debt collectors" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

13. Upon information and belief, Defendant was attempting to collect an alleged debt (hereinafter referred to as, " Alleged Debt") from Plaintiff that arose out of a transaction in

which money, services, or property, which was the subject of the alleged transaction was primarily used for family, personal, and/or household purposes.

14. The Alleged Debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5) of the FDCPA.

## FACTUAL ALLEGATIONS

15. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16. On or about February 20, 2013, at or around 1:35PM, Defendants called Plaintiff and left a voicemail message.

17. Defendants stated that it had legal documents against Plaintiff, Plaintiff's social security number and other confidential information, and that Plaintiff should return the call immediately.

18. Plaintiff, distraught by the voicemail message, called Defendants back at the number provided to find out more information relating to the message and why Defendants were contacting her.

19. Plaintiff spoke to Defendants' representative, Mr. White, in regard to the voicemail.

20. Plaintiff informed Mr. White that she had not received any documents in the mail relating to the collection of the Alleged Debt, and requested validation of the Alleged Debt.

21. Mr. White said that he will send a letter to Plaintiff via e-mail and registered mail.

22. Defendant sent Plaintiff a letter which did not include a 30-day validation notice (Annexed hereto, and incorporated herein as, "Exhibit A").

23. Defendants' letter failed to provide Plaintiff with the right to dispute the Alleged Debt within 30 days.

24.     Defendants sent Plaintiff at least two emails, stating in part that the e-mail payment reminder is "A friendly reminder for your arrangement agreed upon with your representative."

25.     Plaintiff did not, at any point, agree to make any payment to Defendant.

26.     As a direct result of Defendants' deceptive, misleading, and unfair debt collection practices, Plaintiff has suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

### FIRST CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e)

27.      Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28.     Defendants violated 15 U.S.C. §1692e, in that Defendants made false, deceptive, and/or misleading representations in connection with the collection of the Alleged Debt, when it gave plaintiff a false sense of urgency that Plaintiff needed to call back immediately regarding legal documents, and attempted to deceive Plaintiff by stating in its e-mail that Plaintiff had agreed to make a payment.

29.     As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### SECOND CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(5))

30.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

31.     Defendants violated 15 U.S.C. §1692e(5), in that Defendants threatened to take action that cannot be legally taken or that is not intended to be taken when it threatened Plaintiff and told her that it has legal documents against her.

32.     As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### THIRD CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(10))

33.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "32" herein with the same force and effect as if the same were set forth at length herein.

34.     Defendants debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(10), in that Defendants used false representations and deceptive means in an attempt to collect the Alleged Debt when Defendants stated that it has Plaintiff's confidential information, that Plaintiff had made a payment agreement, and that Defendant had legal documents against Plaintiff.

35.     As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### FOURTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692g)

36.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37.     Defendants violated 15 U.S.C. §1692g, in that Defendants failed to send Plaintiff a 30-day validation notice including Plaintiff's right to dispute the Alleged Debt within five days of the initial communication as required by the FDCPA.

38.     As a result of the Defendants violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

39.      Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

   **WHEREFORE**, Plaintiff Eugenia Guercio demands judgment from the Defendant Audubon Financial Bureau, LLC, and Defendant Adam D. March as follows:

   A.   For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

   B.   For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(a)(2)(A);

   C.   For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

   D.   For a declaration that the Defendants' practices violated the FDCPA; and,

   E.   For any such other relief, as well as further costs, expenses and disbursements of this
        action, as this Court may deem just and proper.


Dated:  New York, New York
        April 25, 2013

Respectfully submitted,

By: __s/Jacob J. Scheiner_____
    Jacob J. Scheiner, Esq.
    Fredrick Schulman & Associates
    30 East 29TH Street
    New York, New York 10016
    (212) 796-6053
    jscheiner@fschulmanlaw.com
    Attorneys for Plaintiff